**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARL WILLIAMSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:24-cv-02435** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LINAGE LOGISTICS, LLC,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

---

## COMPLAINT

Plaintiff, Carl Williamson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Lineage Logistics, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race-based discrimination and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Carl Williamson, resides in Will County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Lineage Logistics, LLC, is a limited liability company doing business in and for Cook County, Illinois, whose address is 1101 Cherry Hill Road, Chicago, IL 60433.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Reach Truck Operator from in or around September 2023 through in or around October 2023.

13. Since at least in or around September 2023 through October 17, 2023, Defendant

subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race, violating Title VII and Section 1981.

14. Plaintiff is African American and is a member of a protected class because of their race whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. From on the outset of employment, Plaintiff faced racial discrimination and disparate treatment.

16. Plaintiff's direct manager exhibited clear bias, consistently refusing to assist Plaintiff.

17. Additionally, he demonstrated a preference for other employees, particularly those of Hispanic or Caucasian descent, rather than African Americans like Plaintiff.

18. Specifically, Plaintiff once sought the manager's assistance and was blatantly skipped over in line.

19. Plaintiff was left to watch them promptly assist the person behind him in line, and then swiftly walk away.

20. Plaintiff tried to get the manager's attention and was visibly ignored.

21. Plaintiff was treated less favorably than similarly situated Caucasian and Hispanic employees outside of Plaintiff's protected class.

22. Fed up with the outright racial discrimination he was facing every day, Plaintiff engaged in a protected activity and reported his disparate treatment to the Operations Manager on October 9, 2023.

23. A union representative was present for this discussion, and expressed concern about Plaintiff's subsequent suspension for disclosing and reporting this information.

24. Ultimately, Plaintiff was informed the union could not intervene as he had yet to complete the requisite ninety (90) days of employment.

25. Approximately one week later, on or around October 15, 2023, Plaintiff contacted the Operations Manager again for an update.

26. Plaintiff was informed Human Resources ("HR") was unavailable for the entire week but assured they would be in contact shortly thereafter.

27. Instead, Plaintiff was unexpectedly and unlawfully terminated on or around October 17, 2023 because of his race, (African-American).

28. Defendant failed to take any remedial action after Plaintiff engaged in a protected activity and reported the consistent racial discrimination he was subjected to.

29. Plaintiff's termination deepened his concerns about the fairness and integrity of the workplace.

30. Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

31. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

32. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

33. There is a basis for employer liability for the race-based discrimination that Plaintiff was subjected to as Defendant was aware of Plaintiff's complaints.

34. Plaintiff can show that he engaged in statutorily protected activity –a necessary

component of his retaliation claim- because Plaintiff lodged complaints directly to the Operations Manager with an union representative present.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

37. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

38. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

39. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

40. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**

**(Race-Based Discrimination)**

41. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

43. Plaintiff met or exceeded performance expectations.

44. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

45. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

46. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

47. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

49. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

50. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

51. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination or race-based harassment.

52. As such, Plaintiff engaged in protected conduct and was protected against unlawful

retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

53. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

54. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

55. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

57. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

58. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Compensatory and punitive damages;

d. Reasonable attorneys' fees and costs;

e. Award pre-judgment interest if applicable; and

f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 26th day of March, 2024.

/s/ ***Chad W. Eisenback***
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*